1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11   DAVID NOEL,

12          Plaintiff,              CIV. NO. 07-00728 WBS KJM

13   vs.

14   CITY OF OROVILLE; LIZ          ORDER RE: MOTION TO
     EHRENSTROM; SHARON ATTEBERRY;  CONSOLIDATE
15   ERIC TEITELMAN; and DOES 1
     through 1000, INCLUSIVE,
16
            Defendants.
17   _____/

18   CHRISTINE LASIK,

19          Plaintiff,              CIV. NO. 07-01714 WBS KJM

20   vs.

21   CITY OF OROVILLE, PAT GRIFFIN-
     CLARK; LIZ EHRENSTROM; SHARON
22   ATTEBERRY, ERIC TEITELMAN; and
     DOES 1 through 1000, INCLUSIVE,
23
            Defendants.
24   _____/

25   AND RELATED CROSS-CLAIMS.

26   _____/

27

28                         ----oo0oo----

                                1

1    Plaintiffs David Noel and Christine Lasik filed

2 separate disability discrimination and failure to accommodate

3 actions against defendants City of Oroville ("City"), Liz

4 Ehrenstrom, Sharon Atteberry, and Eric Teitelman[1] based on

5 discrimination they allegedly suffered during their employment

6 with the City.  Defendants now move to consolidate the above-

7 referenced actions.

8 I.   <u>Factual and Procedural Background</u>

9    Noel began working for the City in 1988 and, beginning

10 in January 1997, served as the City's Fire Marshal and Building

11 Official.  (Noel's Second Am. Compl. ("SAC") ¶ 12.)  In late

12 2002, however, Noel sustained an intraventricular hemorrhage to

13 his brain.  (<u>Id.</u> at ¶ 13.)  He eventually returned to work, but

14 continued to suffer from frequent headaches and short term memory

15 loss as a result of his brain injury.  (<u>Id.</u> at ¶ 14.)

16    Beginning in October 2003, defendants allegedly began

17 discriminating against and harassing Noel because of his

18 condition and have failed to make accommodations for him.  (<u>Id.</u>

19 at ¶¶ 16, 20.)  For example, defendants have required Noel to

20 memorialize personal information, keep a daily log of his

21 activities, take fitness for duty examinations, forgo staff

22 support, and undertake an increased workload.  (<u>Id.</u> at ¶¶ 17, 19

23 22, 24, 26, 28-29.)  After Noel returned from a forced

24 administrative leave, defendants also relocated him from the City

25 Hall--where all other city employees work--to the State Theater.

26

27

28    [1]    Lasik also named Pat Griffen-Clark in her complaint;
however, it appears that only the City has been served and filed
an answer in Lasik's case.

2

1  (<u>Id.</u> at ¶¶ 30, 33.)

2          Lasik, who is diagnosed with bipolar disorder, began

3  working as a Program Analyst for the City in 1984.  (Lasik Compl.

4  at ¶¶ 3, 13-14.)  In May 2005, defendants allegedly began

5  discriminating against her and subjecting her to a hostile work

6  environment because of her condition and because she had

7  questioned certain reporting documents the City used for various

8  grant programs.  (<u>Id.</u> at ¶ 15.)  Lasik also alleges that

9  defendants have failed to make accommodations for her, required

10 her to take fitness for duty examinations and personality

11 assessments, interfered with her disability leave, denied her a

12 new position, and deprived her of necessary supplies.  (<u>Id.</u> at ¶¶

13 16-19, 21-22, 24.)  Upon Lasik's return to work after defendants

14 had required her to work from home, defendants also relocated her

15 from the City Hall to the State Theater--where the only other

16 employee working there was Noel.  (<u>Id.</u> at ¶¶ 21-22.)

17         The same counsel represents both plaintiffs and, in

18 their complaints, both allege violations of the Americans with

19 Disabilities Act (ADA), 42 U.S.C. §§ 12101-12300, and

20 California's Fair Employment and Housing Act (FEHA), Cal. Gov't

21 Code §§ 12900-12996.[2]  In both cases, the city asserts

22 counterclaims for declaratory judgments to establish that

23 plaintiffs are not covered by the ADA or FEHA.

24         Pursuant to Federal Rule of Civil Procedure 42(a),

25 defendants now move to consolidate Noel and Lasik's cases.

26 Neither Noel nor Lasik oppose defendants' motion so long as the

27 _____

28         [2]  Noel also alleges a claim for deprivation of a property
   interest pursuant to § 1983.

                                    3

1 lengths of their depositions are not extended.[3]  (Noel's

2 Clarification of Non-Opp'n to Mot. to Consolidate; Lasik's

3 Clarification of Non-Opp'n to Mot. to Consolidate.)

4 II.  Discussion

5         Pursuant to Federal Rule of Civil Procedure 42(a),

6 "[i]f actions before the court involve a common question of law

7 or fact, the court may . . . consolidate the actions . . . ."

8 Fed. R. Civ. P. 42(a).  Once a court finds that the actions

9 "involve a common question of law or fact," Rule 42(a) vests the

10 court with broad discretion to determine whether to consolidate

11 the cases.  Investors Research Co. v. U.S. Dist. Ct. for Cent.

12 Dist. Cal., 877 F.2d 777, 777 (9th Cir. 1989); see also Modesto

13 Irrigation Dist. v. Gutierrez, Nos. 06-00453, 06-00308, 2007 WL

14 915228, at *4 (E.D. Cal. Mar. 26, 2007) (reiterating the two

15 steps of a Rule 42(a) inquiry).  In exercising its discretion,

16 the court must balance "the interest of judicial convenience

17 against the potential for delay, confusion and prejudice caused

18 by consolidation."  Paxonet Commc'ns, Inc. v. Transwitch Corp.,

19 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (citation omitted).

20         This court has previously observed that Noel and

21 Lasik's cases "involve substantially identical legal and factual

22 claims by the plaintiffs (i.e., disability discrimination and

23 failure to accommodate) and by the City (i.e., that neither

24 employee is covered by the statutes and neither employee is

25

26         [3]    In their joint status report, Noel and defendants
agreed to an enlarged time of ten to eighteen hours for
27 depositions.  (Noel's Joint Status Report 3-4.)  Lasik and
defendants also agreed to an enlarged time of fourteen to
28 eighteen hours for depositions.  (Lasik's Joint Status Report 3.)
This Order does not alter these agreements between the parties.

4

1   entitled to the accommodations they demand)." (Oct. 10, 2007

2   Order 2:3-4.) Rule 42(a), therefore, permits this court to

3   consolidate the cases.

4           The liability questions in these two cases are not

5   identical. Nevertheless, primarily because defendants seek and

6   neither plaintiff opposes consolidation, the court will exercise

7   its discretion to consolidate the cases in the interests of

8   convenience and economy to the parties and the court. As both

9   plaintiffs' non-opposition to defendants' motion to consolidate

10  suggests, consolidating the cases will likely increase

11  convenience and reduce expenses for all parties. See Burnett v.

12  Rowzee, Nos. 07-641, 07-393, 07-591, 2007 WL 4191991, at *2 (C.D.

13  Cal. Nov. 26, 2007) (considering the "potential burden on the

14  parties[] [and] witnesses" that consolidating cases will cause)

15  (citation omitted).

16          Lastly, while consolidating the cases will require the

17  court to modify its Pretrial (Scheduling) Orders, the resulting

18  delay in both cases is not substantial enough to outweigh the

19  judicial convenience that consolidating them will facilitate.

20          IT IS THEREFORE ORDERED that defendants' motion to

21  consolidate civil case Nos. S-07-00728 and S-07-01714 be, and the

22  same hereby is, GRANTED;

23          IT IS FURTHER ORDERED that (1) Civ. No. S-07-00728 is

24  designated as the "master file"; (2) the Clerk of the Court is

25  directed to copy the complaint, answer, counterclaim, and answer

26  to the counterclaim in Civ. No. S-07-01714 and to place said

27  copies in the "master file"; (3) the Clerk of the Court is

28  directed to administratively close Civ. No. S-07-01714; and (4)

5

1   the parties are directed to file all future pleadings only in

2   Civ. No. S-07-00728;

3          IT IS FURTHER ORDERED that the court's previously

4   issued Status (Pretrial Scheduling) Orders be, and the same

5   hereby are, amended only as follows: 1) the parties shall

6   simultaneously disclose experts and produce reports in accordance

7   with Federal Rule of Civil Procedure 26(a)(2) by July 27, 2008;

8   2) the parties shall complete all discovery by February 27, 2009;

9   3) the parties shall file all motions, except motions for

10  continuances, temporary restraining orders, or other emergency

11  applications, by August 12, 2009; 4) the Final Pretrial

12  Conference is set for December 14, 2009 at 2:00 p.m.; and 5) the

13  jury trial is set for February 9, 2010 at 9:00 a.m.

14  DATED:   February 14, 2008

15

16                    _____

17                    WILLIAM B. SHUBB
                      UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28